NATALIE K. WIGHT
United States Attorney
District of Oregon
**THOMAS S. RATCLIFFE, ILSB #6243708**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: 503-727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:23-cr-00276-SI |
| v. | |
| **ARISSA JEAN MINYONNE ROBINSON** | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR IMMEDIATE RELEASE AND ORDER TO SHOW CAUSE** |
| **Defendant.** | |

### Introduction

Defendant's motion for "immediate release" and to dismiss the Indictment is based on the incorrect assumptions that she is not competent, remains hospitalized, and that no report regarding her Bureau of Prisons hospitalization has been issued. Her motion has been overtaken by events and the requested relief is unwarranted.

Government's Opposition to Motion                                                                                              Page 1
for Release and Show Cause Order
                                                                                                                              Revised Aug. 2019

## BACKGROUND

Defendant was indicted on August 15, 2023, for attacking Adult Victim in downtown Portland two months earlier. (ECF No. 1) She appeared and was detained as a flight risk and danger to the community on August 29, 2023. (ECF Nos. 6, 7) She filed an unopposed motion on September 15, 2023, seeking a competency hearing under 18 U.S.C. § 4241(a). (ECF No. 11) The Court held a competency hearing October 5, 2023, and issued an order the next day committing her to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d), for hospitalization "for a reasonable period not to exceed four months, excluding a reasonable time for transportation," with the hope of restoring her to competency. (ECF No. 21; ECF No. 22, at 2) The Court directed the Bureau of Prisons to "provide a status report to the Court . . . before the expiration of the hospitalization described above." (ECF No. 22, at 2)

Defendant arrived at FMC Carswell in Fort Worth, Texas on January 9, 2024. (Ex. A – Email string between BoP psychologist Wilson and both counsel, at 2) Defendant's four-month hospitalization period ended on May 8, 2024. (*Id*.) She was restored to competency. (*Id*.) Her BoP psychologist notified the U.S. Marshals Service on May 15, 2024, that Defendant's evaluation was complete and that she was ready to return to Oregon. (*Id*. at 1) The Marshals Service picked up Defendant on May 21, 2024, for transport to Oregon. (*Id*. at 1-2) On May 22, 2024, the Court and the parties received the Bureau of Prisons report regarding Defendant's evaluation, which concludes Defendant is competent to proceed and "her prognosis for maintaining competency is good."

Deputy U.S. Marshal Marcus Wyman informed the government that Defendant is scheduled to arrive in Portland in the next two weeks. Defendant's motion is set for oral argument on June 18, 2024. The parties have informed the Court that Defendant will attend that hearing. Defense counsel may ask the Court to make further competency findings under Section 4241 at that time as well.

## ARGUMENT

Defendant is not eligible for immediate release for two reasons. First, because she has been found competent, the absence of any further order permitting continued hospitalization is irrelevant. She is, in fact, on her way back to Portland from hospitalization. Her demand for release from hospitalization is moot.

Second, her release request ignores the fact that United States Magistrate Judge Youlee Y. You last August ordered Defendant's detention as a flight risk and danger to the community. (Dkt. #7) Any arguments for release should be directed to the magistrate judge and analyzed under the Bail Reform Act.

Any claim that she suffered injury by being held at FMC Carswell between May 8 and her departure for Portland on May 21 – just 13 days later – is subject to a harmless error analysis.[1] *United States v. Magassouba*, 544 F.3d 387, 410-15 (2d Cir. 2008) (applying harmless

---

[1] Defendant claims that the statutory, four-month period of hospitalization begins when a Section 4241(d) commitment order is entered. Instead, the grammatical structure of the statute and practical considerations indicate the four-month limit begins when a defendant enters the hospital. *United States v. Alhindi*, 97 F.4th 814, 824-826 (11th Cir. 2024) (holding statute's structure and need for Attorney General to find "suitable facility" mean four-month period begins with hospitalization); *cf. United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022) (avoiding direct holding while noting, "We think the text

**Government's Opposition to Motion**                                                   **Page 3**
**For Release and Show Cause Order,**
**3:23-cr-00276-SI – Robinson**

error analysis to claim by defendant who was hospitalized for three weeks beyond four-month period, explaining that even if he had been discharged from hospitalization at four months, he would not have been released from BoP custody because he would have returned to pretrial detention, where he had been held as flight risk and danger to community); *cf. Donnelly*, 41 F.4th at 1106, n.2 (noting that unreasonably long pre-hospitalization period constitutes injury by extending excludable time under Speedy Trial Act).

Defendant cannot show that she suffered any greater loss of liberty during her 12 extra days at FMC Carswell. She was not, for example, involuntarily medicated – or medicated at all – during her stay at FMC Carswell. *See Magassouba*, 544 F.3d at 415 (finding additional three weeks at hospital harmless, in part because defendant was not involuntarily medicated during that time). "At whatever point it becomes constitutionally unreasonable to confine an incompetent defendant for any further time solely to evaluate his competency to stand trial, we are satisfied that the line is not crossed at four months and three weeks." *Id*. The 13 additional days that Defendant remained at FMC Carswell were harmless.

Given that she has been found competent and is *en route* to Portland, Defendant's remaining complaint is that the BoP report was not issued until after the four-month hospitalization period. However, Section 4241 does not create a deadline for the BoP to produce reports regarding restoration, and certainly does not require such reports to be transmitted to the relevant court within the four-month hospitalization period. *United States v. Curtin*, 78 F.4th

---

of the statute makes clear that the four-month time limit applies only to the period of hospitalization, and thus beings to run when the defendant has been hospitalized").

**Government's Opposition to Motion** **Page 4**
**For Release and Show Cause Order,**
**3:23-cr-00276-SI – Robinson**

1299, 1308 (11th Cir. 2023) (affirming district court's denial of defendant's motion to dismiss based on BoP report arriving approximately two months after four-month hospitalization period). Even though the purpose of the four-month hospitalization period is to determine whether a defendant can be restored to competency, "it would stretch the text too far to hold that it imposes a hard deadline for delivery of the report memorializing that determination." *Id*. Indeed, "[n]o one's interests," neither the court's nor the public's, "are well served by encouraging undue haste in [Section] 4241(d)(1) evaluations." *Magassouba*, 544 F.3d at 408.

Any claim that the report's arrival 14 days after the four-month hospitalization period ended somehow violates the Court's October 6, 2023, commitment order is misplaced. The Court's order directed the BoP to provide the report to the Court "before the expiration of the hospitalization period described above." (ECF No. 22, at 2) However, the order does not define the hospitalization period. Instead, the order directs the Attorney General to "hospitalize [Defendant] for treatment in a suitable facility for a reasonable period not to exceed four months, *excluding a reasonable time for transportation*. . . ." (*Id*. [emphasis added]) The report arrived while Defendant is *en route* to Portland – just 14 days after the conclusion of the statutory, four-month period of hospitalization and one day after she departed FMC Carswell for Portland. A return trip to Portland that is expected to take just a few weeks is reasonable, and the BoP's interpretation of the Court's order as allowing the report to be submitted during that time is also reasonable. The BoP did not violate the Court's order.

Defendant's attempt to dismiss the Indictment is unavailing. There is "no particular reason to think . . . that dismissal would be the (or even *an*) appropriate response to a § 4241(d)

violation, there being no clear logical relationship between the wrong (over-detention) and the remedy (expungement of the entire case)." *Curtin*, 78 F.4th at 1308 (emphasis in original). Congress did not include dismissal as a remedy for violating the time periods in Section 4241. *Donnelly*, 41 F.4th at 1106. Nor can Defendant show a violation of her rights under the Due Process Clause, which would require "grossly shocking and outrageous" government misconduct. *Id*. at 1107, n.3. At worst, Defendant can show that she remained hospitalized 13 extra days, and the report on her hospitalization did not reach the Court for 14 days after the four-month, statutory period of hospitalization ended. Dismissal is entirely unjustified.

The only authority Defendant cites in support of her request for dismissal of the Indictment is an unpublished decision from the Eastern District of North Carolina. (Mot. at 10) The court in that case ordered the government to explain why the indictment should not be dismissed without prejudice, where the defendant had been declared incompetent 17 months earlier, the government unsuccessfully sought his civil commitment under Section 4246, and the government wanted further competency evaluations. Citing due process concerns when "criminal charges are held 'indefinitely over the head of one who will never have a chance to prove his innocence,'" the court ordered the defendant's release and directed the government to justify keeping the charges pending. *United States v. Charles M. Boone*, III, No. 5:17-cr-390-1H, at 3-4 (E.D. N.C. Oct. 24, 2019) (*quoting Jackson v. Indiana*, 406 U.S. 715, 740 (1972)). Those concerns are inapplicable here because Defendant is competent and will soon be able to address the charges in our district.

**Government's Opposition to Motion**                                                                                      **Page 6**
**For Release and Show Cause Order,**
**3:23-cr-00276-SI – Robinson**

**Conclusion**

The government asks the Court to deny Defendant's motion for release and reject her attempt to dismiss the Indictment.

Dated: May 24, 2024.                    Respectfully submitted,

                                        NATALIE K. WIGHT
                                        United States Attorney


                                        **/s/ Thomas S. Ratcliffe**
                                        THOMAS S. RATCLIFFE, ILSB #6243708
                                        Assistant United States Attorney