**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**THOMAS S. RATCLIFFE, INSB #39994-45**
Assistant United States Attorney
Thomas.Ratcliffe@usdoj.gov
**KATE A. ROCHAT**
Kate.Rochat@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: 503-727-1000
        Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:23-cr-276-SI |
| v. | |
| ARISSA JEAN MINYONNE ROBINSON, a/k/a Ariyuana Tyiese Robinson | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

**Introduction**

Defendant harassed a foreign official in Portland nearly three years ago. She spent 29 months in custody while state and federal charges from the incident were pending. While in custody, she received mental health treatment at a Bureau of Prisons hospital. She is now taking prescribed medications, which appear to have remarkably improved her life. She pleaded guilty

**Government's Sentencing Memorandum**                                     **Page 1**

to a Class B misdemeanor 10 days ago.  The government recommends a three-year term of probation.

**Factual Background**

**A.    The Offense Conduct**

On Saturday, June 17, 2023, Adult Victim 1 (AV1), a 62-year-old foreign diplomat stationed in Portland, Oregon, was walking alone near the corner of SW Park and Oak Avenues in Portland.  Defendant was sitting on a planter near that intersection.

When AV1 was about 15 feet from the planter, Defendant sprang up, adjusted her clothes, took a few walking steps toward AV1, and then rushed at him, shoving him backward with two hands.  AV1 fell onto the pavement and curb, striking his head on the ground.  He landed in the street next to a parked car.  Defendant stood menacingly over AV1 for a moment, as if to make sure he would not get up or fight back.  Defendant then briefly returned to her seat on the planter before casually walking off.  Defendant never said anything during the attack, which was captured on surveillance video.  Nothing indicates that Defendant knew AV1 or was aware of his position as a foreign diplomat.

A witness took a photo of Defendant and shared it with police.  Another witness followed Defendant into a nearby building and alerted police.  Defendant was arrested within minutes of the attack, wearing the same distinctive, yellow jacket shown in the surveillance video.

AV1 pulled himself onto the curb.  Several strangers aided him, called the police, and stayed there until he was taken away on a stretcher.  AV1 spent several hours at a hospital and received six stiches to a laceration on the back of his head. AV1 told a PPB detective the next

day that he never lost consciousness, did not sustain a concussion, and that his injury was not very painful.  AV1 also told investigators that he had never seen Defendant before the attack.

Starting from the time of her arrest near the scene, Defendant remained in custody on state charges until being released to federal custody after she was charged in this case.  She spent roughly 29 months in custody.

### B.    The Charges & Plea Agreement

Defendant was charged by indictment on August 16, 2023, for Assault on a Foreign Official and Internationally Protected Person, in violation of Title 18 of the United States Code, Section 112(a).  (Dkt. #1.)  She first appeared in this case on August 29, 2023.  (Dkt. #6.)  She remained in custody until November 24, 2025.  (Dkt. ## 7, 95.)

As part of a plea agreement, the government charged Defendant by information on February 17, 2026, with Harassing a Foreign Official, in violation of Title 18 of the United States Code, Section 112(b)(1).  She pleaded guilty with a plea agreement the same day.  (Dkt. ## 104, 105.)

### C.    The Guidelines Computations

The parties proposed these joint guidelines calculations in paragraph 7 of the plea agreement:

| Enhancement | Government's Position |
|---|---|
| Base - USSG § 2A2.3: | 7 (not contested) |
| Acceptance of Responsibility – USSG § 3E1.1(a) | - 2 (not contested) |
| **Total Offense Level** | **5** |
| **Resulting Guideline Range** In Criminal History Category I | **0 – 6 months** |

**Government's Sentencing Memorandum,**                                                    **Page 3**
**United States v. Robinson – 3:23-cr-276-SI**

**Argument**

**A.      Government's Recommended Sentence**

The government asks the Court to impose three years of probation.  The government believes that, when not medicated, Defendant poses a significant danger to the community.  As described in a previous filing, Defendant attacked *three other* victims without provocation in the two years before the incident in this case. (Dkt. #93.)  However, now that she is receiving medical treatment and living in a stable home with her mother, she is much less likely to injure anyone.

Defendant's conduct in this case did not merit a felony charge in state court.  She simply shoved AV1 to the ground.  She did nothing else to harm him, even when she had the opportunity.  Particularly because she spent 29 months in custody, and because a federal felony conviction might prevent her from availing herself of critical social services later in life, the government was willing to resolve this case with a misdemeanor plea.  That resolution was the most compassionate one.

Of course, given Defendant's medical history, it is particularly important that she be supervised by the U.S. Probation Office to ensure that she continues to take important medications.  The government has reviewed the standard and special conditions of probation shared with the parties by the U.S. Probation Office on February 20, 2026.  The government adopts those proposed conditions.  The government understands that defense counsel has no objection to them.

The government asks the Court to inquire of Defendant whether the medications she was originally prescribed at a Bureau of Prisons hospital have now been prescribed by her "treating physician," for purposes of ensuring that proposed special condition #8 properly applies to Defendant.

### B.  Forfeiture and Restitution

Forfeiture is not an issue in this case.

The government has inquired of AV1 to learn whether he seeks restitution.  AV1 has not yet responded.  The government will promptly notify the Court if AV1 seeks restitution.

### Conclusion

The government recommends that the Court impose a three-year term of probation, and the $10 fee assessment.

Dated: February 26, 2026.                         Respectfully submitted,

                                                  SCOTT E. BRADFORD
                                                  United States Attorney


                                                  **/s/ Thomas S. Ratcliffe**
                                                  THOMAS S. RATCLIFFE, INSB#39994-45
                                                  Assistant United States Attorney